[Cite as *State v. Alvey*, 2023-Ohio-1773.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MARY JANE ALVEY, | : | Case No. 22CA000049 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Guernsey County
                                                                      Court of Common Pleas, Case No.
                                                                      21CR000288

JUDGMENT:                                                  Affirmed

DATE OF JUDGMENT:                                 May 24, 2023

APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

JASON R. FARLEY                                       CHRIS BRIGDON
Assistant Prosecuting Attorney                   8138 Somerset Rd
Guernsey County, Ohio                               Thornville, Ohio 43076
627 Wheeling Avenue
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}   The appellant appeals the trial court's denial of her motion to suppress, arguing that her right to confront a witness against her was violated when one of the officers who took part in effectuating the traffic stop, following which she was arrested for aggravated possession of drugs, was not called to testify at the suppression hearing. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   The appellant was indicted on September 9, 2021 by the Guernsey County Grand Jury on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(a), a felony of the fifth degree. She pleaded not guilty at her November 18, 2021 arraignment, and was released on her own recognizance. The appellant filed a motion to suppress on June 28, 2022 in which she argued that the search was warrantless and without probable cause, and that any evidence obtained therefrom must be suppressed.

{¶3}   A hearing on the motion to suppress was conducted on August 22, 2022. Lieutenant Kevin Stoney of the Guernsey County Sheriff's Office testified at the suppression hearing that on March 12, 2021, he observed a vehicle with a loud exhaust drive past his location. As he started to undertake efforts to initiate a traffic stop of the vehicle, he observed Sergeant Shayne Leggett following the vehicle while activating his overhead lights. He also observed Deputy Scott Cunningham following directly behind Sergeant Leggett. Lieutenant Stoney thereafter proceeded to the location where the appellant had been stopped, and assisted Sergeant Leggett with the stop and with the search of her vehicle. Lieutenant Stoney was cross-examined by appellant's trial counsel.

**{¶4}** Deputy Cunningham testified at the suppression hearing that he participated in the investigation of the appellant during the stop, approaching the vehicle from driver's side while Lieutenant Leggett approached from the passenger side. Deputy Cunningham testified that he heard the appellant, who was driving the vehicle, admit that she did not possess a valid driver's license and that there was marijuana in the vehicle. He also testified that dispatch advised that the appellant had an active warrant for her arrest.

**{¶5}** Deputy Cunningham testified that as he escorted the appellant to Sergeant Leggett's vehicle, she admitted that she had a pocketknife. Deputy Cunningham testified that he removed the pocketknife, at which time the appellant gave him verbal consent to search her person. Deputy Cunningham testified that upon his search of the appellant's person he found a baggie of what was believed to be illegal narcotics. Finally, Deputy Cunningham testified that he observed Sergeant Leggett place the appellant in handcuffs and place her into a cruiser. Deputy Cunningham was cross-examined by appellant's trial counsel.

**{¶6}** The evidence set forth through the testimony of Lieutenant Stoney and Deputy Cunningham established that Sergeant Leggett initiated the stop, during which he was assisted by Lieutenant Stoney, Deputy Cunningham, and Deputy Kovalchik. Lieutenant Stoney and Deputy Cunningham, both of whom were present during the stop and participated in the same, testified at the suppression hearing. Neither Lieutenant Stoney nor Deputy Cunningham testified regarding anything Sergeant Leggett did or said, nor were any statements made by Sergeant Leggett admitted in to evidence. Furthermore,

while Sergeant Leggett filed the police report regarding the incident, Deputy Cunningham testified that he added his own Supplemental Narrative to the report.

{¶7} The trial court found that the appellant's loud exhaust provided the law enforcement officers involved with reasonable and articulable suspicion to stop the appellant's vehicle, and therefore the stop was constitutionally valid. The trial court found further that, although Sergeant Leggett did not appear at the suppression hearing as the one who initiated the traffic stop, two other officers from the Guernsey County Sheriff's Office who participated in the stop testified that they observed a motor vehicle with a loud exhaust which violated R.C. 4513.22, and one of the officers testified that he participated in the traffic stop. The trial court found the officers' testimony to be credible, and denied the appellant's motion to suppress.

{¶8} The appellant thereafter entered into a plea agreement in which she pleaded no contest to the charge of aggravated possession of drugs in violation of R.C. 2925.11(C)(1)(a), a felony of the fifth degree. The trial court accepted the appellant's no contest plea and scheduled the matter for a sentencing hearing.

{¶9} The trial court sentenced the appellant to six months in the Guernsey County Jail and ordered her to pay court costs. No fines were imposed. Upon the appellant's notification to the trial court of her intent to appeal the court's decision on the motion to suppress, and her motion to stay sentence, the trial court stayed execution of the appellant's sentence until a decision is rendered by this Court.

{¶10} The appellant filed a timely notice of appeal, and sets forth the following sole assignment of error:

{¶11} "I. THE CONFRONTATION CLAUSE WAS VIOLATED DURING THE SUPPRESSION HEARING ON AUGUST 22, 2022, WHEN THE PROSECUTION'S KEY WITNESS, SERGEANT LEGGET [SIC], WAS UNAVAILABLE TO TESTIFY AND THE DEFENDANT WAS UNABLE TO CROSS-EXAMINE HIM. THIS VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES AGAINST THEM, IN VIOLATION OF THE CONFRONTATION CLAUSE AND THE SIXTH AMENDMENT OT UNITED STATES CONSTITUTION."

{¶12} The appellant argues that her right to confront witnesses against her was violated because she was not able to cross-examine Sergeant Leggett during the hearing on her motion to suppress. We disagree.

## STANDARD OF REVIEW

{¶13} The Confrontation Clause was recently addressed by the court in *State v. Johnson*, ___ N.E.3d ___, 2023-Ohio-445:

The Sixth Amendment's Confrontation Clause, which is binding on the States through the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." The " 'central concern' " of the Confrontation Clause is " 'to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.' "

*Id.* at ¶ 31.

{¶14} Rulings that implicate the Confrontation Clause are reviewed de novo. *Id.* at ¶ 32, citing *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508,

¶97. In order to establish a confrontation violation, the appellant must show that she was "prohibited from engaging in otherwise appropriate cross-examination." *State v. McKelton*, *supra*, at ¶ 172.

## ANALYSIS

{¶15} It is undisputed that Sergeant Leggett did not testify at the hearing on the appellant's motion to suppress. However, two other officers provided testimony regarding the fact that the appellant was stopped due to her loud exhaust, and regarding the investigation that proceeded thereafter.

{¶16} Lieutenant Stoney testified that he observed the appellant's vehicle drive past his location with a loud exhaust. As he was about to initiate a stop of the appellant, he observed Sergeant Leggett following the appellant's vehicle and activating his overhead lights. Lieutenant Stoney testified that he also observed Deputy Cunningham following directly behind Sergeant Leggett. Lieutenant Stoney testified that he thereafter proceeded to the location where the appellant had been stopped, and assisted Sergeant Leggett with the stop and the search of her vehicle.

{¶17} Deputy Cunningham testified that he participated in the investigation of the appellant during the stop, approaching her vehicle from driver's side while Lieutenant Leggett approached from the passenger side. Deputy Cunningham testified that he heard the appellant admit that she did not possess a valid driver's license and that there was marijuana in the vehicle. He testified further that dispatch advised the appellant had an active warrant for her arrest. In addition, Deputy Cunningham testified that as he escorted the appellant to Sergeant Leggett's vehicle she admitted that she had a pocketknife, and that when he removed the pocketknife she gave him verbal consent to search her person.

Deputy Cunningham testified that when he searched the appellant's person he found a baggie of what was believed to be illegal narcotics.

**{¶18}** There were no testimonial statements of Sergeant Leggett admitted during the suppression hearing. Neither Lieutenant Stoney nor Deputy Cunningham testified regarding Sergeant Leggett, his purported observations, or any statements made by him. Lieutenant Stoney and Deputy Cunningham testified only as to their own observations.

**{¶19}** Furthermore, both Lieutenant Stoney and Deputy Cunningham were cross-examined by the appellant's trial counsel. As such, the appellant was in fact able to confront the witnesses against her. Accordingly, the "central concern" of the Confrontation Clause, "to ensure the reliability of the evidence against" the appellant by subjecting it to rigorous testing in the context of an adversary proceeding, was satisfied. As such, we find that the Confrontation Clause is not implicated in this case, and the appellant's assignment of error is without merit.

**CONCLUSION**

{¶20} Based upon the foregoing, the appellant's sole Assignment of Error is overruled, and the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.